**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ANTHONY CITARELLA,

      Plaintiff,

    -against-

UNITED STATES OF AMERICA,

      Defendant.

----------------------------------------------------------X

**DECISION AND ORDER**
12-CV-2921 (ADS)(AKT)

**APPEARANCES:**

**Mazzei & Blair**
*Attorneys for the Plaintiff*
9B Montauk Highway
Blue Point, NY 11715
    By:  Timothy P. Mazzei, Esq.
         Patricia B. Blair, Esq., Of Counsel

**United States Attorney for the Eastern District of New York**
*Attorneys for the Defendant*
610 Federal Plaza
Central Islip, NY 11722
    By:  Assistant United States Attorney, Robert W. Shumacher, II

**SPATT, District Judge**.

    On June 11, 2012, the Plaintiff Anthony Citarella (the "Plaintiff") commenced this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (the "FTCA") related to a January 6, 2010 incident where the Plaintiff allegedly slipped, fell, and injured himself on ice located on a loading dock behind the Blue Point Post Office operated by the Defendant the United States of America (the "Defendant").

On May 22, 2014, following the completion of discovery, the Defendant moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56 for summary judgment dismissing the complaint. For the reasons set forth, the Defendant's motion for summary judgment is granted.

## I. BACKGROUND

Unless stated otherwise, the following facts are drawn from the parties' Rule 56.1 Statements and exhibits and construed in a light most favorable to the non-moving party, the Plaintiff. Triable issues of fact are noted.

The Plaintiff was at all relevant times an employee of the Town of Brookhaven.

The Defendant operates a United States Post Office at 141 Montauk Avenue in Blue Point, New York (the "BPPO").

Prior to January 6, 2010, the Plaintiff had been to the BPPO before, and had been on, and was familiar with, the BPPO loading dock. He had never previously complained to any postal worker about ice accumulation at the BPPO nor is he aware of any complaints about ice accumulation at the BPPO lodged by others.

Between approximately October 2009 and September 2012, Robert Degaro ("Degaro") was the Postmaster at the BPPO. Prior to January 6, 2010, Degaro never received any complaints, or notice of any kind, regarding ice, or any dangerous condition, on the BPPO loading dock. Further, Degaro never personally observed ice on the BPPO loading dock on January 6, 2010 nor did anyone, including Degaro's subordinates and the Plaintiff, complain to him or notify him of ice on the BPPO loading dock on January 6, 2010.

On January 6, 2010, the weather in Blue Point was cold and overcast, with no precipitation. On that day, according to the Plaintiff, between approximately 8:00 a.m. and 9:00 a.m, while in the course of his employment for the Town of Brookhaven, he slipped, fell, and

injured himself on ice located on the loading dock behind the BBPO. Although the Plaintiff had a clear view of the ground, he alleges that he did not observe the ice prior to his fall. The Plaintiff does not know how long the ice on which he claims to have slipped was on the BPPO loading dock. The Plaintiff's son, Kristopher Citarella, witnessed the fall.

Thereafter, the Plaintiff did not inform any postal worker of his fall and prior to filing his administrative claim in May 2011, 16 months after the occurrence, he never complained to anyone at the USPS about ice accumulation at the BPPO. This action ensued. The Plaintiff claims that, as a result of the accident, he suffered certain injuries to his right knee. The Plaintiff also seeks to hold the Defendant liable for damages for future medical expenses and emotional distress.

## II. DISCUSSION

A. The Legal Standard on Summary Judgment

Summary judgment may not be granted unless all of the submissions taken together "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Nunn v. Mass. Cas. Ins. Co., 758 F.3d 109, 114 n. 4 (2d Cir. 2014). Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must set out specific facts showing a genuine issue for trial, and cannot rely merely on allegations or denials contained in the pleadings. See Fed. R. Civ. P. 56(c); accord Fabrikant v. French, 691 F.3d 193, 205 (2d Cir. 2012). "[C]onclusory

statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment." Ridinger v. Dow Jones & Co. Inc., 651 F.3d 309, 317 (2d Cir. 2011)(citation omitted).

B. The FTCA Claim

Under the FTCA, "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . or loss of property . . ." 28 U.S.C. § 1346(b)(1). As an agency of the federal government, "the Postal Service enjoys federal sovereign immunity absent a waiver." Dolan v. U.S. Postal Service, 546 U.S. 481, 484 (2006). On this point, the Supreme Court of the United States has explained that, "[a]lthough the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name, the statute also provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service." Dolan, 546 U.S. at 484 (internal quotation marks omitted). "Thus, to the extent that plaintiff alleges that the United States, or any agency thereof, committed common law torts against plaintiff, any such claim is governed by the FTCA." Kuhnew v. Montauk Post Office, No. 12–CV–2318 (JFB), 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013).

New York's negligence law governs this controversy because, under the FTCA, the liability of the United States for injuries caused by the negligent acts or omissions of its employees is determined "in accordance with the law of the place where the act or omission occurred." Tzul v. United States, No. 12-CV-804 (NGG)(JMA), 2014 WL 4773972, at *3 (E.D.N.Y. Aug. 14, 2014)(quoting 28 U.S.C. § 1346(b)(1)), report and recommendation adopted, No. 12-CV-804 (NGG)(JMA), 2014 WL 4773974 (E.D.N.Y. Sept. 24, 2014); see also Makarova v. United States, 201 F.3d 110, 114 (2d Cir. 2000)("Under the FTCA, courts are bound to apply

the law of the state . . . where the accident occurred."). The Plaintiff's alleged injury occurred within the State of New York. Accordingly, New York law applies.

To establish a *prima facie* case of negligence under New York Law, a plaintiff must establish: "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury resulting therefrom." Solomon v. City of New York, 66 N.Y.2d 1026, 1027, 499 N.Y.S.2d 392489 N.E.2d 1294 (1985); see also Khalil–Mirhom v. Kmart Corp., No. 12–CV–5512 (ARR)(VVP), 2014 WL 173415, at *4 (E.D.N.Y. Jan. 13, 2014). "Negligence is conduct falling beneath the standard of care which would be exercised by a reasonably prudent person in similar circumstances at the time of the conduct at issue." Thaqi v. Wal–Mart Stores East, LP, No. 09–CV–755 (JMA), 2014 WL 1330925, at *4 (E.D.N.Y. Mar. 31, 2014) (quoting Harper v. United States, 949 F. Supp. 130, 132 (E.D.N.Y. 1996)).

Further, "[a] property owner will be held liable for damages sustained in a slip-and-fall accident 'only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof.'" Spinoccia v. Fairfield Bellmore Ave., LLC, 95 A.D.3d 993, 993, 943 N.Y.S.2d 601, 601 (2d Dep't 2012)(citation omitted).

In addition, contrary to the Plaintiff's contention, "[t]he mere existence of a [dangerous condition] on the sidewalk where the accident allegedly took place does not establish constructive notice." Hammond-Warner v. United States, 797 F. Supp. 207, 211 (E.D.N.Y. 1992)(citing Pirillo v. Longwood Assoc., Inc., 179 A.D.2d 744, 579 N.Y.S.2d 120, 121 (2d Dep't 1992))(additional citation omitted). Rather, in order to demonstrate that defendant had constructive notice of the hazardous condition, plaintiff "must present evidence of the length of time the condition existed prior to the alleged fall" and "[i]n the absence of such evidence, the complaint must be dismissed." Hammond-Warner, 797 F. Supp. at 211 (citing cases).

5

Here, drawing all inferences in favor of the Plaintiff, the Court concludes that his claim fails as a matter of law. This is because the Plaintiff has failed to create a genuine issue of material fact that the Defendant either "created []or had actual or constructive notice of the icy condition alleged to have caused the plaintiff's fall" or "when or how the subject ice patch developed." Spinoccia, 95 A.D.3d at 993. "Under these circumstances, any finding as to when the ice patch developed, and consequently, whether there was adequate time to discover and remedy the situation, could only be based on speculation." Id.

The Court notes that a defendant's "general awareness that some dangerous condition may have existed in the parking lot is insufficient, as a matter of law, to charge it with constructive notice of the specific condition . . . which caused the plaintiff's injuries." Silverman v. United States, No. CV 04-5647 (ETB), 2008 WL 1827920, at *14 (E.D.N.Y. Mar. 28, 2008); see also Cochetti v. Wal-Mart Stores, Inc., 24 A.D.3d 852, 853, 804 N.Y.S.2d 857 (3d Dep't 2005)(affirming grant of summary judgment to defendant where plaintiff's evidence "fail[ed] to show anything more than a general awareness that a potentially dangerous condition might exist"); Voss v. D & C Parking, 299 A.D.2d 346, 347, 749 N.Y.S.2d 76 (2d Dep't 2002)("The defendant's general awareness that some dangerous condition may have existed . . . is insufficient, as a matter of law, to charge it with constructive notice of the specific condition, ice concealed by mud, which caused the plaintiff's injuries."). Thus, to the extent the Plaintiff seeks to hold the Defendant liable on a theory that it was generally aware of icy conditions, such a claim fails as a matter of law.

Here, the Plaintiff has failed to establish either actual or constructive notice of the alleged dangerous icy condition, as a matter of law.

## III. CONCLUSION

In sum, the Defendant's motion for summary judgment is granted; the complaint is dismissed; and the Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**
Dated: Central Islip, New York
January 3, 2015

                                          _*Arthur D. Spatt*_
                                            ARTHUR D. SPATT
                                            United States District Judge